UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
VINCENT M. IGNIZIO, et al.,

                Petitioners,

  -against-                                       MEMORANDUM AND ORDER
                                                10 CV 3004 (ILG)
THE CITY OF NEW YORK, et al.,

                Respondents.
------------------------------------------------x

GLASSER, United States District Judge:

       This proceeding was commenced pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR") in the Supreme Court of the State of New York in Richmond County by Petitioners seeking review of a determination made by the Respondents to discontinue a variance providing free bus transportation to and from schools for seventh and eighth grade Staten Island students and seeking an Order directing the Respondents to show cause why the variance in effect should not be maintained.

       The Respondents caused the proceeding to be removed to this Court asserting it had original jurisdiction because the issues raised by the proceeding arise under the Constitution of the United States pursuant to 28 U.S.C. § 1331 and removable pursuant to §§ 1441(b) and 1443.[1] The Petitioners have moved this Court for an Order that would remand the proceeding to state court pursuant to § 1447(c) and also that would impose sanctions against the Respondents pursuant to Rule 11 of the Fed. R. Civ. P. The latter motion is hereby dismissed <u>sua sponte</u> for failing to satisfy the requirements of Rule

---

[1] Whether the issues implicate civil rights within the meaning of § 1443 need not be decided.

11(c)(2). The Court now turns to the motion to remand.

Section 1447(c) provides in relevant part that "[i]f . . . it appears that the district court lacks subject matter jurisdiction, the case <u>shall</u> be remanded" (emphasis added). It is firmly settled that the party asserting federal jurisdiction bears the burden of proving it and "may not 'be relieved of [its] burden by any formal procedure.'" <u>United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.</u>, 30 F.3d 298, 301 (2d Cir. 1994) (internal citation omitted). The removal was predicated entirely upon a fugitive reference to "equal protection under the law" in counsel's supporting affidavit and in his Order to Show Cause and in the three verified petitions of members of the New York City Council, each identical in tone and substance and containing the same paragraph numbered 13 which asks that the motion be granted "in the interest of justice and the equal protection under the law." Each also contains the same "Wherefore" clause requesting the issuance of an Order that would "comport with the notions of equal protection under the law . . . ." In not one of these submissions, be it the Order to Show Cause or the Petitions is there an assertion of or a reference to any federal statute upon which their claim for relief is based nor is there a reference to the Constitution of the United States. Each submission whether Petition or affidavit is instinct with a claim that the Respondents' discontinuance of the variance alluded to above was arbitrary and capricious, predicates for the relief sought solely pursuant to Article 78 of the CPLR.

The Respondent's Notice of Removal based upon the assertion that the proceeding arises under the Constitution of the United States is not supported given the absence of any reference to that or any other Constitution and is entirely gratuitous. In

that regard, it is noted that Article I, § 11 of the New York Constitution also guarantees the right to equal protection of the laws and there is no reference to that Constitution either in any of the Petitioners' submissions. In the light of a telephone conference had with the parties sworn declarations were submitted by each of the Petitioners in which each disavows any intention to claim a violation of equal protection under the Constitution of the United States, or the State of New York or of any federal act or statute and any claim so perceived to have been made in the Order to Show Cause is withdrawn in its entirety.[2] Those declarations buttress the Court's reading of the fleeting "equal protection" references as locutions merely adorning their claim for relief sought entirely pursuant to Article 78 of the CPLR. As was made clear in <u>United Food & Commercial Workers Union,</u> <u>supra</u>, "'[i]t is common ground that in our federal system of limited jurisdiction . . . the court <u>sua</u> <u>sponte</u>, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.' Where jurisdiction is lacking, moreover, dismissal is mandatory." (Internal citation omitted).

Obedience to other well settled understandings of the law in this domain compels the grant of the motion to remand. Those are: "Removal jurisdiction must be strictly

---

[2] In the course of that conference the suggestion was made that references to "equal protection" in the submissions be removed by amendments to the petitions and the Order to Show Cause or by stipulation. If the declarations be viewed as unauthorized amendments, the Court hereby adopts them as such whether pursuant to Rule 15(a)(1) or (2) of the Fed. R. Civ. P. This suggestion, made by the Court during the telephone conference was vigorously objected to by Respondents' counsel. At 2:45 p.m. when this Memorandum and Order was about to be signed, Respondents' counsel, by letter transmitted via facsimile consented to a remand and submitted a proposed order "as a courtesy to the court" and subject to Petitioners' approval of it. The tenacity with which the Respondents' counsel objected to that suggestion and resisted the motion to remand bore within it the distinct suggestion of forum shopping.

3

construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns," "the Court must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff"; the plaintiff is the "master of his complaint," and where his claim involves both a federal ground and a state ground (the Petitioners' complaint here relies only on a state ground), the "plaintiff is free to ignore the federal question and pitch his claim on the state ground to defeat removal." In re NASDAQ Market Makers Antitrust Litigation, 929 F. Supp. 174, 178 (S.D.N.Y. 1996) (internal citations omitted). The motion to remand is hereby granted.

Section 1447(c) also provides that, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Although the references to "equal protection" are regarded by the Court as superfluous adornments, it permits the reasonable inference that those references warranted a good faith construction of asserting a federal constitutional claim and an award of costs and attorneys' fees is not warranted for the removal. However, the proceeding was unreasonably multiplied by the objection to the suggested stipulation and to the suggestion of a declaration of disavowal of an equal protection claim to which they belatedly consented. Accordingly, the excess costs, expenses and attorneys' fees incurred by that segment of the litigation are awarded in accordance with this statute and also 28 U.S.C. § 1927. The Petitioners' counsel shall submit an affidavit listing the costs and expenses, if any, incurred and a time sheet pertaining to his services.

A certified copy of this Order of Remand shall be mailed to the clerk of the State court.

SO ORDERED.

Dated:  Brooklyn, New York
        August 13, 2010

                                                      /s/
                                             I. Leo Glasser